UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SATURNINO TATIS NUNEZ,

        Petitioner,                    Case No. 1:21-cv-1087

v.                                           Honorable Paul L. Maloney

DONALD EMERSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner is incarcerated in this district at the North Lake Correctional Institution in Baldwin, Michigan. North Lake is a private facility operated by GEO Group, Inc. under contract with the Federal Bureau of Prisons. *See* https://www.bop.gov/locations/ci/nlk/ (visited December 30, 2021). Petitioner is serving a sentence of 235 months following his jury conviction in the United States District Court for the District of Puerto Rico of participation in a drug conspiracy. Petitioner raises the following claim:

> I.    Prejudice resulted from government's failure to inform Petitioner of his right to consult with Mexican consular authorities as required by Immigration and Naturalization Service [(INS)] regulations under 8 C.F.R. § 242.2(e), and thus Petitioner challenges the method in which his conviction and sentence was imposed.

(Pet., ECF No. 1, PageID.6.)

A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the

petition must be dismissed, because Petitioner fails to demonstrate that his claim is properly raised under § 2241, because his claim does not relate to the "manner of execution" of his sentence nor does it fall within the savings clause of 28 U.S.C. § 2255(e).

## Discussion

### I. Background

On March 8, 2010, the United States District Court for the District of Puerto Rico sentenced Petitioner to 292 months' imprisonment on two counts, one relating to conspiracy to possess with intent to deliver 418 kilograms of cocaine, and one relating to conspiracy to import into the United States 418 kilograms of cocaine. Petitioner and his co-defendants appealed the convictions to the First Circuit Court of Appeals. By opinion issued November 14, 2012, the First Circuit rejected all challenges to the convictions and affirmed the trial court. *United States v. Espinal-Almeida et al.*, 699 F.3d 588 (1st Cir. 2012).

Petitioner filed a motion to vacate his convictions under 28 U.S.C. § 2255 based on a number of claims that counsel provided ineffective assistance.[1] By order entered March 4, 2014, the trial court summarily denied relief. A few months later, Petitioner filed a motion to reduce his sentence because of an amendment to the United States Sentencing Guidelines. By order entered January 22, 2015, the trial court granted Petitioner relief, reducing his sentence from 292 months to 235 months. At the end of that year, Petitioner filed a motion seeking reconsideration of his sentence based on new authority; Petitioner asked the court to remove a two-level enhancement. By order entered January 20, 2016, the trial court denied relief, concluding that Petitioner's motion was an unauthorized second application for a writ of habeas corpus under 28 U.S.C. § 2255.

---

[1] Petitioner has attached to his petition the docket from his criminal proceedings in the United States District Court for the District of Puerto Rico. (ECF No. 1-1.) The Court has also reviewed the docket sheet and the pleadings and orders from Petitioner's criminal prosecution on that court's official court electronic document filing system.

More recently, Petitioner filed a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A), based on the threat posed by the COVID-19 pandemic to Petitioner's failing health. On November 5, 2020, the trial court denied relief initially. Petitioner sought reconsideration and, by order entered January 11, 2021, the trial court denied relief on reconsideration as well. Petitioner filed the instant petition on or about December 18, 2021. (Pet., ECF No. 1, PageID.11.)

**II.   Analysis**

Petitioner contends that the "government" was required by INS regulation 8 C.F.R. § 242.2(e) to inform Petitioner of his right to consult Mexican consular authorities. (Pet., ECF No. 1, PageID.6.) Moreover, Petitioner contends that the "government" failed to so inform Petitioner such that the "'Method'" used to obtain the conviction was "illegal" and, therefore, his prison sentence was "wrongful." (*Id.*, PageID.8.) Accordingly, Petitioner asks this Court to reverse his conviction and vacate his sentence. (*Id.*)

The words Petitioner uses to state his habeas issue, specifically his references to INS regulation 8 C.F.R. § 242.2(e) and permission to consult with *Mexican* consular authorities, are not applicable here. It appears he may have simply borrowed them from a petition filed by a different prisoner in a different context.

In 2008, when Petitioner was arrested, there was no INS regulation 8 C.F.R. § 242.2(e). The "privilege of communication" requirement that was at one time codified at 8 C.F.R. § 242.2(e) instead appeared at 8 C.F.R. §§ 236.1(e) and 1236.1. Additionally, the privilege of communication requirement of § 242.2(e), and thereafter § 242.2(g), and eventually §§ 236.1(e) and 1236.1(e), does not, by its terms apply to any and every arrest, but rather only to an arrest in furtherance of a proceeding to determine the deportability of aliens. Petitioner was not arrested under an arrest warrant issued in furtherance of a proceeding to determine the deportability of Petitioner. Moreover, even if Petitioner had been arrested in furtherance of a proceeding to

3

determine his deportability, his privilege of communication would not have been with Mexican consular authorities, but with consular authorities from the Dominican Republic. (Pet., ECF No. 1, PageID.7) ("Petitioner was a Dominican Citizen when he was indicted in the instant case.").

Although Petitioner may have misidentified the source of his privilege of communication, he is not wrong that he enjoys such a privilege. As Petitioner notes elsewhere in his petition, the privilege arises under the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (1969) ("Vienna Convention"). (*Id*., PageID.5) (Petitioner describes it as the "Vienna Convention on Consular Notification.").

The Sixth Circuit Court of Appeals describes the Vienna Convention as "a seventy-nine article, multilateral treaty that governs the establishment of consular relations between nations and defines the functions of a consulate." *United States v. Emuegbunam*, 268 F.3d 377, 388 (6th Cir. 2001). Article 36 of the Vienna Convention provides:

> *Communication and contact with nationals of the sending State*[2]
>
> 1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:
>
> (a)   consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State . . . .

Vienna Convention, 21 U.S.T. at 100. The Sixth Circuit, however, has concluded that "the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce." *Emeugbunam*, 268 F.3d at 394; *see also Loza v. Mitchell*, 766 F.3d 466, 498–500 (6th Cir. 2014) (quoting *Emeugbunam*); *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) ("[W]e will infer neither an entitlement to suppression

---

[2] "Under the language of the treaty, the "sending State" is the nation of the arrested foreign national, and the "receiving State" is the arresting nation." *Emuegbunam*, 268 F.3d at 388 n.3.

4

nor an entitlement to dismissal absent express, or undeniably implied, provision for such remedies. We find no such provision here."). Thus, the petition appears to be meritless on its face.

But the Court cannot proceed to resolve the petition on the merits because Petitioner is not entitled to even seek relief under § 2241. Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Petitioner makes passing reference to that type of habeas claim in his petition: "Here, Petitioner challenges the manner of execution of his conviction and sentence." (Pet., ECF No. 1, PageID.8.) Petitioner's talismanic use of the phrase "manner of execution" is unavailing. He plainly attacks the validity of his conviction and sentence, not its execution. The Sixth Circuit Court of Appeals offered a bright line rule to distinguish between "validity" and "manner of execution" claims, stating that "judicial review of ***events occurring after sentence*** is properly had under § 2241" as a manner of execution claim. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Petitioner's claim relates to events before his conviction and sentence. Based on those events, Petitioner contends his conviction is "illegal" and his sentence is "wrongful." (Pet., ECF No. 1, PageID.8.) Petitioner challenges the validity of his conviction and sentence, not the manner of its execution. Thus, review under § 2241 as a "manner of execution" challenge is not available.

There are circumstances where a prisoner may challenge the validity of his conviction and sentence under § 2241: if he falls within the "savings clause" of § 2255. That section provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

5

> sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The petition invokes the "savings clause." The form petition invites an explanation why "the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge [the] conviction or sentence . . . ." (Pet., ECF No. 1, PageID.5.) Petitioner responds:

> Sec. 2255 is unavailable to address the "Method" in which Petitioner's conviction and sentence was imposed in light of the violation of Petitioner's right sunder the Vienna Convention on Consular Notifications involving the federal crimes leading to his indictment, conviction via jury trial, and the federal prison sentence imposed upon him.

(*Id*.)

The Sixth Circuit has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id*. at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599–600).

6

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner's challenge does not rest on a claim of actual innocence. Moreover, Petitioner does not identify any subsequent, retroactive change in statutory interpretation by the Supreme Court that might warrant revisiting his sentence by way of § 2241.

Petitioner is not entitled to raise his "privilege of communication" claim under § 2241 because it is neither a "manner of execution" claim nor does it fit within the savings clause of § 2255(e). Therefore, the Court does not have subject matter jurisdiction of the petition. *Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice.[3]

Dated:   January 11, 2022                         /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                 United States District Judge

---

[3] In § 2241 cases involving federal prisoners, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).